WITHCOFSKY *v.* WIER and another.[1]

*(District Court, E. D. New York. September 8, 1887.)*

1. ADMIRALTY—PERSONAL INJURY—STATE STATUTE OF LIMITATIONS.
   The requirement of the New York state law, that an action for a personal injury must be begun within three years from the occurrence of such injury, has no effect to bar a suit in admiralty, begun after that limit.

2. SAME—LASHING SPARE-WHEEL—RENDERING WHEEL DANGEROUS—NO NOTICE TO SEAMAN—INJURY—LIABILITY.
   Defendant, master of a vessel, caused the spare-wheel, which in its ordinary condition rested loosely and unfastened upon the drum of the steam-wheel, to be lashed so that it would rotate with the drum, thus rendering the apparatus dangerous to one engaged in cleaning it. No notice of the changed condition of the wheel was given to libelant, a seaman, in conse-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

quence of which, while the latter was engaged in his duty of cleaning the ap∙
paratus, his hand was caught and so injured as to require amputation. *Held*,
that defendant was liable for the injury.

3. DAMAGES—LOSS OF HAND—FOUR THOUSAND DOLLARS NOT EXCESSIVE.
    Where an accident occurred through the negligence of defendant, resulting
in the loss of libelant's hand, *held*, that a judgment for $4,000 was not exces-
sive.

*A. S. Cushman*, for libelant.

BENEDICT, J. This action was instituted by the libelant, one of the
crew of the steamer City of Rio Janeiro, to recover of William Weir, the
master, and John Roach, the owner, of that vessel, damages for injuries
to the libelant's hand caused by the steam-wheel. When the cause
came on to be heard the defendant Roach was dead, and the fact that he
had died since the commencement of the action was admitted. The le-
gal representatives of the defendant Roach were not parties to the action,
·nor did they appear, and the action proceeded against the defendant
Weir alone. In behalf of this defendant no contest was made, and as
against him the trial proceeded by default. Upon the evidence the claim
is not stale, and, although the action was not commenced within three
years of the time of the accident, the state statute has no effect to bar its
progress.

Upon the merits, I am of the opinion that the facts proved establish
negligence on the part of the master of the steamer, in that, without rea-
son, he caused the spare-wheel, which in its ordinary condition rested
loosely and unfastened upon the drum of the steam-wheel, to be lashed
so that it would necessarily rotate with the drum, thereby rendering the
apparatus dangerous to any one engaged in cleaning it; and he omitted
to cause notice to be given to the libelant of the changed and then dan-
gerous condition of the apparatus. From this neglect it resulted that
the libelant, when engaged in his duty of cleaning the apparatus, not
having been informed of the lashing of the extra wheel, and the fact that
it was lashed not being apparent to ordinary inspection, placed one of
his hands where, when the steam-wheel revolved, it was caught by the
extra wheel and injured.

The injury was serious, and caused the amputation of the hand. I
think the sum of $4,000 claimed at the trial not excessive damages for
an injury such as this was, and I add to that sum interest and costs.